# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1472V

| | |
|---|---|
| JENNIFER BURANDT, *parent of* F.B., *a minor,*<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 25, 2025 |

*Edward M. Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Madylan Louise Yarc*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON DAMAGES[1]

On September 20, 2024, Jennifer Burandt, as parent of her minor child F.B., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that F.B. suffered the Vaccine Injury Table injury of intussusception after receiving a rotavirus vaccine on October 6, 2021. Petition (ECF No. 1) at 1; *see also* 42 C.F.R. §§ 100.3(a)(XI), (c)(4). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On April 9, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a Table intussusception injury. On August 22, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded the following:**

**A.** A lump sum of **$2,443.35** to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner (for past unreimbursable expenses).

**B.** An amount of **$50,000.00** to purchase the annuity contract described in section II.B. of the attached Proffer (for past pain and suffering).

These amounts represent compensation for all damages that would be available under Section 15(a). Proffer at 4.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNIFER BURANDT, *parent of* F.B., *a minor*,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | No. 24-1472V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On September 20, 2024, Jennifer Burandt ("petitioner") filed a petition on behalf of her minor child, F.B., seeking compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34, as amended, alleging that F.B. suffered the Vaccine Injury Table injury of intussusception after receiving a rotavirus vaccine administered on October 6, 2021. ECF No. 1. On April 7, 2025, respondent filed his Rule 4(c) report in which he conceded that petitioner is entitled to compensation in this case. ECF No. 17. Accordingly, on April 9, 2025, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation. ECF No. 19.

**I. Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend that compensation be made through a lump sum and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.  <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses on behalf of F.B., related to F.B.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,443.35, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. Petitioner agrees.

B.  <u>Past Pain and Suffering</u>

For past pain and suffering, an amount not to exceed $50,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased, subject to the conditions described below, that will provide payments to F.B. as set forth below:

---

[2] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

2

      a. A certain Lump Sum of $38,361.68 payable on August 6, 2042.

      b. A certain Lump Sum of $44,841.13 payable on August 6, 2045.

      c. A certain Lump Sum of $52,412.10 payable on August 6, 2048.

The purchase price of the annuity described in this section II.B. shall neither be greater nor less than $50,000.00. In the event that the cost of the certain lump sum annuity payments set forth above varies from $50,000.00, the certain lump sum payable on August 6, 2048, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $50,000.00. Should F.B. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to her estate.[4] Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of F.B.'s death.

      These amounts represent all elements of compensation to which F.B. would be entitled under 42 U.S.C. § 300aa-15(a).[5] Petitioner agrees.[6]

---

      d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] Should F.B. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[6] At the time payment is received, F.B. will be an adult, and thus guardianship is not required. However, petitioner represents that she presently is, or if necessary, will become, authorized to serve as guardians/conservators of F.B.'s estate as may be required under the laws of the State of Illinois.

**III.     Summary of Recommended Payments Following Judgment**

    A.    Past unreimbursable expenses payable to petitioner, via ACH deposit:   $2,443.35

    B.    An amount of $50,000.00 to purchase the annuity contract described above in section II.B.

> Respectfully submitted,
>
> BRETT A. SHUMATE
> Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Director
> Torts Branch, Civil Division
>
> HEATHER L. PEARLMAN
> Deputy Director
> Torts Branch, Civil Division
>
> COLLEEN C. HARTLEY
> Assistant Director
> Torts Branch, Civil Division
>
> *s/Madylan L. Yarc*
> MADYLAN L. YARC
> Trial Attorney
> Torts Branch, Civil Division
> U.S. Department of Justice
> P.O. Box 146
> Benjamin Franklin Station
> Washington, D.C. 20044-0146
> Tel: (202) 742-6376
> Email: Madylan L.Yarc@usdoj.gov

DATED:  August 22, 2025

4